**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00037-CR**

_____

**JAMES DEAN LUCAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F21-38568**

**MEMORANDUM OPINION**

Following a trial to the bench, Appellant James Dean Lucas was convicted of the second-degree felony offense of failure to comply with sex offender registration requirements. *See* Tex. Code Crim. Proc. Ann. § 62.102. Lucas elected to have the trial court assess punishment, and the trial court sentenced him to fifteen years of confinement.

1

Lucas's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On July 29, 2024, after Lucas's counsel filed his brief, we granted an extension of time for Lucas to file a pro se brief. Lucas did not file a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, and counsel's brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the

2

appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on January 3, 2025
Opinion Delivered February 26, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1]Lucas may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.